UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA GRAY and EDWIN GRAY,

      Plaintiffs,

v.                                 Case No. 8:21-cv-728-SPF

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER

Before the Court is Defendant's Motion to Compel Discovery from Non-Party, Universal Spine & Joint Specialists (Doc. 48). Universal Spine and Joint Specialists ("USJS") filed a response in opposition to the Motion (Doc. 55). Upon consideration, Defendant's Motion is GRANTED IN PART.

## BACKGROUND

On July 29, 2018, Plaintiff Pamela Gray was involved in an automobile accident (Doc. 4, ¶ 10). The other driver was covered under a contract of automobile insurance that included bodily injury coverage, although the policy provided insufficient coverage for Ms. Gray's injuries (*Id.*, ¶ 12). At the time of the accident, Ms. Gray was insured by Defendant for uninsured/underinsured motorist coverage (*Id.*, ¶ 14). As a result, Plaintiffs filed this action against Defendant for underinsured motorist coverage and loss of consortium. To date, Ms. Gray claims to have incurred over $1,000,000.00 in medical bills as a result of the accident (Doc. 48 at 1). Plaintiff's total medical expenses from USJS amounts to $314,741.89 (*Id.* at

1

2).  Defendant posits that the reasonableness of Ms. Gray's medical bills is a significant issue in this matter.

To test the reasonableness of Plaintiff's medical expenses, Defendant first issued a subpoena for the deposition of Juanita Greaves, USJS's billing representative (*Id.* at 2).  While Defendant provided various topics of testimony, the deposition notice was directed to Ms. Greaves rather than to a corporate representative pursuant to Rule 30(b)(6).  The areas of inquiry included realization rates from various payor sources and information as to how USJS determines its charges.  Ms. Greaves lacked knowledge as to these two topics, but testified that Dr. Jay Parekh, one of Plaintiff's treating physicians at USJS, sets and determines all charges (*Id.* at 43–44).

On December 20, 2022, Defendant then deposed Dr. Parekh.  Defendant intended to question Dr. Parekh as to USJS's realization rates with regard to personal injury patients. While Dr. Parekh provided USJS's realization rate, he refused to answer any further questions on the topic on the basis that the requested information constituted trade secrets (*Id.* at 130–33).  As a result, Defendant now moves for an order compelling USJS and/or Dr. Parekh to answer additional questions about USJS's realization rates and the basis for USJS's charges. For the reasons explained below, the Court finds that the Motion should be granted in part to the extent that Defendant is entitled to continue the deposition of Dr. Parekh regarding USJS's realization rates and the basis for USJS's charges and denied as to Ms. Greaves.

## ANALYSIS

Rule 45 sets forth the process for a party to obtain certain information from non-parties via subpoenas.  Fed. R. Civ. P. 45.  "Once a deponent has appeared for a deposition, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent—whether a

party or a non-party—to answer a question." *MetroPCS v. Thomas*, 327 F.R.D. 600, 612 (N.D. Tex. 2018); Fed. R. Civ. P. 37(a)(3)(B)(i) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31....").

While Ms. Greaves answered all questions within her personal knowledge, Dr. Parekh refused to answer questions on the basis that the requested information constituted trade secrets.  "A three-step analysis applies to a claim that a discovery request seeks production of protected trade secrets." *Gulfcoast Spine Inst., LLC v. Walker*, 313 So. 3d 854, 858 (Fla. 2d DCA 2021) (citations omitted).  First, the court must determine whether the requested information includes trade secrets.  Next, if the request does seek trade secrets, the court must determine whether the party seeking production can show reasonable necessity for the requested information.  Finally, if the need for production outweighs the confidentiality interest, the court must determine what safeguards should be put in place to protect the information, such as a confidentiality order.  *Id.*

Here, the Court finds that the requested information does constitute trade secrets. Florida law defines trade secrets as "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Fla. Stat. § 688.002(4).  Multiple Florida courts have held similar medical billing information constitutes trade secrets.  *See, e.g.*, *Laser Spine Inst., LLC v. Makanast*, 69 So. 3d 1045, 1046 (Fla. 2d DCA 2011) (finding "no credible counterargument"

3

to the claim that "documents relating to [a surgical center's] billing and collection practices" constitute trade secrets under Florida law); *Lake Worth Surgical Ctr., Inc. v. Gates*, 266 So. 3d 198, 202 (Fla. 4th DCA 2019) ("[W]e agree with the Second District that internal cost structure information, including methodologies or formulas used to compute pricing and insurance reimbursement rates, constitutes trade secret information.").

The Court also finds that Defendant has established a reasonable necessity for additional testimony regarding USJS's realization rates and the basis for USJS's charges. Defendant alleges Plaintiff chose to enter into a letter of protection with USJS instead of submitting a claim to her insurer, Blue Cross Blue Shield (Doc. 48 at 1, 15).[1] Defendant further argues that testimony regarding USJS's medical billing is necessary for "Defendant's claims that the medical expenses incurred by Plaintiff are unreasonable and [is] necessary to determine how Plaintiff could have reasonably mitigated her damages." (Doc. 48 at 3).

"A claimant for damages for bodily injuries has the burden of proving the reasonableness of his or her medical expenses." *Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson*, 33 So. 3d 148, 150 (Fla. 4th DCA 2010) (citation omitted). Courts generally examine at least three factors when analyzing the reasonableness of a medical provider's charges: "(1) the provider's internal cost structure; (2) the usual and customary rates charged and payments

---

[1] USJS characterizes this agreement as an "Assignment of Benefits" and not as a letter of protection. After reviewing the Assignment of Benefits, the Court concludes that it operates as a letter of protection in that it provides for a deferred payment from Plaintiff to be made from the proceeds of any settlement and provides that Plaintiff remains personally responsible for the amounts owed. *See Carnival Corp. v. Jimenez*, 112 So. 3d 513, 516 n.3 (Fla. 2d DCA 2013) ("Generally, [a letter of protection] states that the client is involved in a court case and seeks an agreement from the medical provider to treat the client in exchange for deferred payment of the provider's bill from the proceeds of [a] settlement or award; and typically, if the client does not obtain a favorable recovery, the client is still liable to pay the provider's bills.") (citation omitted).

received for these services; and (3) what other similar medical providers in the relevant market charge for similar services." *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-RBD-DCI, 2016 WL 1383015, at *2 (M.D. Fla. Apr. 7, 2016) (citing *Colomar v. Mercy Hosp., Inc.*, 461 F. Supp. 2d 1265, 1274 (S.D. Fla. 2006)).

For this reason, Florida courts have found certain medical billing information to be reasonably necessary for disclosure. *See Hasson*, 33 So. 3d at 150 ("Defendants sufficiently explained below why they needed the information: in order to dispute, as unreasonable, the amount of medical expenses that the plaintiff will seek to recover from them, if the hospital charges non-litigation patients a lower fee for the same medical services."); *Katzman v. Rediron Fabrication, Inc.*, 76 So. 3d 1060, 1064 (Fla. 4th DCA 2011*); RAJ Enters. of Central Fla. LLC v. Select Lab. Partners Inc.*, No. 5:14-cv-344-JSM-PRL, 2015 WL 4602550, at *3 (M.D. Fla. July 29, 2015) (finding the defendants had demonstrated the total number of drug screening tests a clinical laboratory ran was "necessary for its defense, as well as the damages elements of its counterclaim"); *Univ. Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-CEH-JSS, 2017 WL 11016114, at *6 (M.D. Fla. Sept. 20, 2017).

Finally, the Court must determine which safeguards to put in place to protect the information requested by Defendant. Here, the Court finds that a confidentiality agreement is appropriate to protect USJS's confidential information.

## ATTORNEY'S FEES

Defendant also moves for an award of its attorney's fees incurred in making this motion or with the continued deposition of Dr. Parekh. "Unlike Rule 37, Rule 45 contains no express provision for attorney's fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena…." *Golden Krust Franchising, Inc. v. Clayborne*, NO.

8:20-mc-104-T-33SPF, 2020 WL 7260774, at *2 (M.D. Fla. Dec. 10, 2020) (quoting *NLRB v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007)); *see also U.S. for the Use & Benefit of Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) ("Because the instant [Rule 45] motion involves a non-party, Rule 37 (which applies only to parties) is not applicable."); *Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-cv-119-T-23TBM, 2006 WL 905517, at *2 (M.D. Fla. Apr. 7, 2006) (granting in part Rule 45 motion to compel compliance with subpoena and denying motion for sanctions sought pursuant to Rule 37, finding Rule 37 inapposite) (citing *Davis v. Speechworks Int'l, Inc.*, No. 03-cv-533S(F), 2005 WL 1206894, at *5 (W.D.N.Y. May 20, 2005) ("Rule 45 itself contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena *duces tecum*, nor does Rule 45 allow the court to turn to the terms of Rule 37(a) for such authorization.")).  Defendant has not directed the Court to any other authority for making such an award of attorney's fees under Rule 45.  As such, Defendant's request for an award of attorney's fees and expenses incurred in bringing its Motion is denied.

Accordingly, it is hereby **ORDERED**:

(1) Defendant's Motion to Compel Discovery from Non-Party, Universal Spine & Joint Specialists (Doc. 48) is GRANTED IN PART.  Dr. Parekh shall make himself available for a deposition, not to exceed one hour, on or before May 5, 2023.  The scope of the deposition shall be limited to the basis for, and reasonableness of, the medical expenses Plaintiff incurred from Universal Spine & Joint Specialists.

(2) Within ten days from the date of this Order, the parties shall enter into an appropriate confidentiality agreement.   If the parties cannot agree on a confidentiality agreement, the parties shall each email a proposed confidentiality order to chambers at CHAMBERS_FLMD_FLYNN@flmd.uscourts.gov.

**ORDERED** in Tampa, Florida on April 21, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE